## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
DONALD MORAN,                                :
                              :
                 Plaintiff,        :
-against-                            :
                              :
TRANS STATES AIRLINES, LLC,       :
                              :
                 Defendants     :
                              :
                              :
                              :
---------------------------------------------------------------- X

**ORDER GRANTING MOTION TO REMAND**

20 Civ. 6155 (AKH)

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 10/6/2020

**ALVIN K. HELLERSTEIN, U.S.D.J.:**

Plaintiff Donald Moran ("Plaintiff") filed a complaint in New York State Supreme Court on May 26, 2020, asserting state tort claims. Defendant Trans States Airlines, LLC ("Defendant") removed this case from New York State Supreme Court on August 6, 2020. Plaintiff now seeks to remand this action to state court on the grounds that Defendant's removal was untimely. For the reasons that follow, Plaintiff's motion is granted.

### Background

Plaintiff's complaint alleges that on August 7, 2018, Defendant operated and controlled an aircraft designated as "United Express #4697," departing from Washington Dulles International Airport in Dulles, Virginia, and bound for Green Airport in Providence, Rhode Island. *See* Compl., ECF No. 1-1, at ¶ 7. Plaintiff was a passenger on that flight, which experienced an in-flight emergency when smoke emanated from the cockpit, prompting an emergency landing and evacuation at John F. Kennedy International Airport in New York. *Id.* ¶¶

8, 13. Plaintiff alleges he sustained injuries during this emergency landing and evacuation from the aircraft as a result of the "negligence, careless [sic], and/or recklessness of the Defendant." *Id.* ¶¶ 14-16.

On or about April 12, 2019, Plaintiff's counsel sent Defendant a letter describing the incident and alleged injuries. *See* Letter from Ladd Sanger, Slack Davis Sanger LLP, ECF No. 1-2 ("Demand Letter"). The letter offered to settle potential claims stemming from this incident for $245,000. *Id.* at 3. Thereafter, on May 26, 2020, Plaintiff filed a complaint in New York State Supreme Court in Queens County, asserting various state tort claims in connection with injuries Plaintiff allegedly sustained as a result of the emergency landing and evacuation. *See* Compl., ECF No. 1-1, at ¶¶ 16-24.

On June 11, 2020, Plaintiff served the complaint on Defendant's statutory agent, the office of New York's Secretary of State ("Secretary of State"), pursuant to New York Business and Corporation Law § 306(b)(1). *See* Affirmation of David A. Zeitzoff, ECF No. 5-1, at ¶ 7 ("Zeitzoff Decl."). The Secretary of State subsequently mailed the Summons and Verified Complaint to Defendants' designated agent—Corporation Service Company ("CSC")—via U.S. Postal Service, pursuant to New York Business and Corporation Law § 306(b)(1). *Id.* at ¶ 8. U.S. Postal Records indicate that these documents arrived at Defendant's designated agent on June 29, 2020. *Id.* at ¶ 9.

On July 10, 2020, Defendant hired new counsel, replacing the Virginia firm of Sands Anderson, P.C. with White and Williams LLP, based in New Jersey. *See* Affirmation of Beverly I. Nwanna, ECF No. 6, at ¶¶ 6-7 ("Nwanna Decl.").

On August 6, 2020, Defendant removed the state case on diversity grounds, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441, *et seq. See* Notice of Removal, ECF No. 1.

Defendant asserts that the parties satisfy the diversity requirement because Plaintiff is a resident

of Virginia and Defendant is an LLC owned by Trans States Holdings, Inc., which is

incorporated in Delaware and maintains its principal place of business in Missouri. *Id.* at 3.

Defendant also asserts that Plaintiff's claim involves an amount-in-controversy in excess of

$75,000, based on Plaintiff's April 2019 Demand Letter. *Id.* Plaintiff filed a motion to remand

this case to state court on August 14, 2020. ECF No. 5. Defendant filed its opposition to

Plaintiff's motion on August 28, 2020, *see* ECF No. 6, and Plaintiff filed a reply on September 3,

2020. ECF No. 7.

### Discussion

Plaintiff seeks remand on the grounds that Defendant failed to remove this action

within the prescribed 30-day limit set forth in 28 U.S.C. § 1446(b). *See* Pl.'s Mem. of Law in

Supp. of Mot. for Remand, ECF No. 5-6, at 2 ("Pl. Mem."); Zeitzoff Decl., ECF No. 5-1, at ¶ 10.

Plaintiff notes that Defendant received the complaint on June 29, 2020 but did not file its Notice

of Removal until August 6, 2020. Defendant counters that its Notice of Removal was not time-

barred because any delay in seeking removal was attributable to "excusable neglect" pursuant to

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. *See* Def.'s Mem. of Law in Opp. to

Mot. to Remand, ECF No. 6-2, at 1 ("Def. Mem.").

A civil action originally filed in state court may be removed by the defendant to

federal court, provided "the district courts of the United States have original jurisdiction." 28

U.S.C. § 1441(a). "In order for 'removal to be considered proper, the removing party must

demonstrate that this Court is endowed with the requisite subject matter jurisdiction.'" *Phoenix

Glob. Ventures, Inc. v. Phoenix hotel Assocs.*, Ltd., No. 04 CIV. 4991RJH, 2004 WL 2360033, at

*2 (S.D.N.Y. Oct. 19, 2004) (quoting *Frontier Insurance Co. v. MTN Owner Trust*, 111 F. Supp.

2d 376, 378 (S.D.N.Y. 2000)). A district court has diversity jurisdiction over civil actions where the matter in controversy exceeds the value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

A defendant seeking to remove a civil action from state court must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," the 30-day clock does not begin to run until the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

The right of removal is "to be strictly construed," and if "there is any doubt as to whether removal is appropriate, the case should be remanded." *Phoenix Global Ventures*, 2004 WL 2360033, at *2 (citations omitted); *see also Recyclers Consulting Grp., Inc. v. IBM-Japan, Ltd.*, No. 96 CIV. 2137 (JFK), 1997 WL 615014, at *2 (S.D.N.Y. Oct. 3, 1997) ("[C]ourts are to construe removal statutes strictly and against removal." (citing *Shamrock Oil & Gas Corp. v. Sheets*, 61 S.Ct. 868, 872 (1941)).

Here, Defendant filed a notice of removal on diversity grounds, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, *et seq.* As an initial matter, I note that Defendant adequately pleads complete diversity between the parties, as Plaintiff is a citizen of Virginia, and Defendant is an LLC owned by Trans States Holdings Inc., a citizen of Delaware and Missouri.[1] Notice of Removal, ECF No. 1, at 1-3. *See Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d

---

[1] For purposes of diversity jurisdiction, the citizenship of an LLC is based on the citizenship of each of the entity's members, rather than the entity itself. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).

4

Cir. 2003) (holding that a court may evaluate subject matter jurisdiction *sua sponte*); Phoenix *Global Ventures*, 2004 WL 2360033, at \*3 (same).  In addition, the amount-in-controversy requirement is met because Plaintiff is clearly seeking damages in excess of \$75,000.  *See* Demand Letter, ECF No. 1-2 (claiming damages in excess of \$280,690.00); 28 U.S.C § 1446(b)(3) ("[I]f the initial case is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case" is removable (emphasis added)); *Butera v. Sw. Airlines Co.*, No. 12-CV-51-A, 2012 WL 3860802, at \*2 (W.D.N.Y. Sept. 5, 2012) (holding that plaintiff's pre-suit demand letter was sufficient to prove amount in controversy).

The next issue is whether Defendant's removal of this case was timely.  *See* 28 U.S.C. § 1446(b) (establishing 30-day removal period).  I hold that it was not.

Plaintiff served a copy of the complaint on Defendant's statutory agent, the New York Secretary of State, on June 11, 2020.  Def. Mem., ECF No. 6-2, at 4.  As Defendant correctly notes, service on a statutory agent does not trigger the 30-day removal period.  *See Grello v. J.C. Penny Corp.*, No. 03 CIV. 8245(CSH), 2003 WL 22772397, at \*2 (S.D.N.Y. Nov. 21, 2003); *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995).

However, it is undisputed that Defendant's *designated* agent, CSC, received service of the complaint on June 29, 2020.  Def. Mem., ECF No. 6-2, at 4; Zeitzoff Decl., ECF No. 5-1, at 2-3; *see also id.*, Ex. 1, ECF No. 5-2 (listing CSC as Defendant's designated agent for service of process).  Defendant concedes that CSC received process on behalf of Defendant and argues only to exclude the time between when the Secretary of State received the complaint and when it forwarded the complaint to CSC.  Def. Mem., ECF No. 6-2, at 4.  Defendant does not appear to contest Plaintiff's position that service was completed on June 29, 2020.  This service

5

was sufficient to start the clock on the 30-day removal period. *See Recycling*, 1997 WL 615014,

at *3-4 (holding that service on a defendant's designated agent was sufficient to trigger the 30-

day removal period); *see also Rowland v. Giftcertificates.com, Inc.*, 195 F. Supp. 2d 509, 517

(S.D.N.Y. 2002) ("Constructive receipt of an initial pleading by a defendant exists in limited

circumstances where a corporation designates a third party to serve as an agent upon which

process is to be served."); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and

Procedure* § 3731 (4th ed. 2020) (noting that time for removal begins to run when defendant or

designated agent receives notice via service).

   Accordingly, Defendant had thirty days from June 29, 2020 to seek removal.

Defendant missed this deadline by filing its Notice of Removal on August 6, 2020.

   Notwithstanding this failure to adhere to the statutory requirements, Defendant

argues that any delay in filing its notice of removal was due to "excusable neglect," and that

"equitable considerations" weigh in favor of extending Defendant's time to file. Def. Mem.,

ECF No. 6-2, at 5 (citing Fed. R. Civ. P. 6(b)(1)).   Specifically, Defendant highlights the fact

that service was made upon Defendant's agent, rather than Defendant itself; new litigation

counsel was appointed thereafter; and the initial pleading did not disclose that the case was

removable. *See* Def. Mem., ECF No. 6-2, at 4-5.

   Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that:

   When an act may or must be done within a specified time, the court may, for good
   cause, extend the time:

   (A) with or without motion or notice if the court acts, or if a request is made,
   before the original time or its extension expires; or

   (B) on motion made after the time has expired if the party failed to act because of
   excusable neglect.

Fed. R. Civ. P. 6(b)(1).

As the 30-day deadline for removal has clearly passed, the relevant provision here is subsection (B), permitting a court to extend the deadline if the party failed to act because of "excusable neglect." In determining the existence of excusable neglect, courts consider four factors: "(1) the danger of prejudice to the party opposing the extension; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party seeking the extension; and (4) whether the party seeking the extension acted in good faith." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) (quotations omitted).

These factors are not weighted equally because in most cases delays are relatively minimal, prejudice to the non-movant is often negligible, and good faith is rarely at issue. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). Instead, the Second Circuit focuses on the third factor: the reason for the delay and whether it was within reasonable control of the movant. *Id.* "[E]quities will rarely if ever favor a party who fails to follow the clear dictates of a court rule . . . [and] where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under [this] test." *Id.* (citing *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (quotations and alterations omitted)).

I find that Defendant has failed to establish "excusable neglect." It is true, as Defendant contends, that its notice of removal was filed eight days after expiration of the 30-day waiting period, and that any prejudice to the Plaintiff associated with that delay is likely to be minimal. Def. Mem., ECF No. 6-2, at 5-6. There is also no indication that Defendant acted in bad faith. However, Defendant's position is defeated by the third factor—the reason for the

delay and whether it was within Defendant's reasonable control. *Silivanch*, 333 F.3d at 366 ("[Courts] focus on the third factor").

Defendant fails to sufficiently explain the reason for its delay. To begin, Defendant notes that the initial pleading did not demonstrate removability because the initial pleading "made no mention of the amount-in-controversy." *Id.* at 4. This is a red herring. Although the complaint itself did not reveal the amount-in-controversy, Defendant received a letter in April 2019 in which Plaintiff clearly asserted a claim in excess of $75,000. *See* Demand Letter, ECF No. 1-2. This letter was received well before the complaint was filed. In fact, this is the same letter on which Defendant now relies to establish the amount-in-controversy. *See* Notice of Removal, ECF No. 1, at 2-3. Suffice to say, Defendant was on notice as to the amount-in-controversy as of June 29, 2020.

Next, Defendant argues that its current litigation counsel was not appointed to this case until July 10, 2020, and that "upon further review of the matter, it was determined that Plaintiff valued this matter at over $75,000." *Id.* at 5. Essentially, Defendant suggests that its new counsel simply did not realize the case was removable until it sorted through the papers. There are several problems with this argument.

First, Defendant was represented by another firm during the "pre-litigation" phase, presumably including the period during which Defendant received the Demand Letter. *Id.* at 4. After present counsel was appointed in July 2020, it is unclear from the record whether the two firms communicated with each other or merely transferred case files. Regardless, it was new counsel's responsibility to communicate with former counsel, diligently review the case files, and make a determination as to removability. The urgency of this task should have been readily apparent, given that the case had been filed before present counsel was appointed.

8

Further, Defendant fails to provide any reasonable explanation for why it took new counsel almost an entire month to file its Notice of Removal after taking over the case in July 2020. The only proffered explanation is that counsel had to review a "considerable amount of pre-litigation paperwork." Nwanna Decl. ¶ 8. Defendant provides no further detail to explain the quantity of this paperwork or the efforts undertaken to review the same. Moreover, the Demand Letter was not an obscure ancillary document that might have been reasonably overlooked. Instead, the Demand Letter was central to the case because it provided Defendant with the clearest indication of the monetary value of damages being sought in connection with Plaintiff's claims. It is implausible that a "considerable amount of pre-litigation paperwork" obscured this key litigation document that Defendant had received and evaluated months earlier with the assistance of counsel.

In sum, Defendant's failure to seek removal within the 30-day limit was not the result of excusable neglect.[2] Upon receiving the initial pleading via its designated agent on June 29, 2020, Defendant had all the information it needed to file for removal within the 30-day period. Defendant failed to file in time and has not demonstrated good cause to excuse this delay. Accordingly, since Defendant failed to satisfy the requirements of 28 U.S.C. § 1446, the case is remanded to the New York State Supreme Court.

---

[2] In support of its argument to excuse its untimely removal, Defendant cites a district court decision holding that a belated removal was due to excusable neglect. *See Sage v. HSBC Bank USA*, No. 118CV1494GTSDJS, 2019 WL 4015627, at *7 (N.D.N.Y. Aug. 26, 2019). However, that case is readily distinguishable. In *Sage*, the court found excusable neglect where the defendant's counsel was appointed a few days *after* the removal window had closed. *Id.* at *7. Further, after conducting reasonable diligence, counsel in that case filed a notice of removal the day after his appointment. *Id.* Notably, the court found that defendant's counsel did not contribute to the untimeliness of the removal. By contrast, counsel in this case was appointed almost a month before Defendant filed its untimely Notice of Removal and counsel failed to provide a reasonable explanation for the delay.

### Conclusion

Plaintiff's motion to remand is granted.  The Clerk is directed to terminate the motion (ECF No. 5), and remand the case to the Supreme Court of the State of New York, Queens County, N.Y. County Index No. 705652/2020.  The telephonic hearing scheduled for October 13, 2020 is hereby cancelled.

SO ORDERED.

Dated:       October    , 2020
             New York, New York

             *10 - 6 - 20*

ALVIN K. HELLERSTEIN
United States District Judge

10